IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREN SHAMBECK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-01584-S (BT) |
| | § | |
| DALLAS DOJ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Lauren Shambeck filed a civil rights complaint (ECF No. 3), but she did not pay the filing fee or move for leave to proceed *in forma pauperis*. Accordingly, the Court issued an order and notice of deficiency (NOD) directing Shambeck to either pay the full $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* by July 31, 2024. ECF No. 8. The NOD warned Shambeck that the failure to comply might result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Shambeck's deadline to comply with the NOD has passed but, to date, she has not paid the filing fee or moved for leave to proceed *in forma pauperis*.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

This case cannot move forward unless Shambeck complies with the NOD. Her failure to do so indicates an unwillingness or inability to prosecute this action and comply with the federal rules and court orders. Thus, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) – unless Shambeck pays the full filing fee or files a proper motion for leave to proceed *in forma pauperis* within the time period to object to this recommendation (explained in more detail below) or by some other deadline established by the Court. *See, e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an [*in forma pauperis*] application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Strouse v. Mabry*, 2020 WL 13857088, at *2

2

(N.D. Tex. Nov. 23, 2020) ("The plaintiff failed to comply with the October 26, 2020 order that he file a certificate of inmate trust account or pay the filing fee within twenty-one days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed."), *rec. accepted* 2021 WL 11718617 (N.D. Tex. Jan. 6, 2021).

## Recommendation

The Court should dismiss Shambeck's case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to follow Court orders unless she pays the full filing fee or files a proper motion for leave to proceed *in forma pauperis* within the time period to object to this recommendation or by some other deadline established by the Court.

SO RECOMMENDED.

August 28, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).